## Haverford School District, to use, v. Jones-Redditt Co. et al.

*Kirchner, Mitchell & White,* for plaintiffi; *P. D. Zentmyer,* for defendants.

MARTIN, P. J., June 13, 1929. — The defendant, Jones-Redditt Company, signed a written contract to construct a school building for the School District of Haverford Township.

John E. Krausse agreed in writing to furnish Jones-Redditt Company bricks for the construction of the building. The Southern Surety Company of New York executed a bond as surety for Jones-Redditt Company containing a condition that if Jones-Redditt Company, as "principal, shall pay for all labor and materials which may be furnished to said principal in and about, or for and toward, any and all work comprised by and necessary for the completion of said contract, or which may enter into the construction of the subject-matter of said contract, then this obligation shall be void and of no effect, otherwise to continue in full force and virtue." It was expressly agreed in the bond that "any person, firm or corporation furnishing labor and materials as aforesaid and not paid therefor may sue on this bond in the name of the owner for his, their or its use."

H. C. Carroll & Sons furnished to John E. Krausse bricks that entered into the construction of the school building. Jones-Redditt Company refused to pay H. C. Carroll & Sons for the bricks. Suit was instituted on the bond in the name of the School District, to the use of H. C. Carroll & Sons, against Jones-Redditt Company, principal, and the Southern Surety Company, surety.

The affidavit of defense in the nature of a demurrer filed by the defendants suggests that the statement of claim is insufficient because no copy of the agreement between Jones-Redditt Company and the school district is attached to the statement; that it is not alleged in the statement of claim that the bricks were delivered to Jones-Redditt Company; and that the bond created liability only when there was a failure of the principal to pay for all labor and materials furnished to the principal "in and about, or for and toward, any and all work comprised by and necessary for the completion of said contract, or which may enter into the construction of the subject-matter of said contract."

This suit is by Carroll & Sons against Jones-Redditt Company and the Southern Surety Company of New York. There is no necessity for attaching to the statement of claim a copy of the contract between Jones-Redditt Company and the school district, or a copy of the agreement between Jones-Redditt Company and John E. Krausse.

The Practice Act requires a litigant to attach to his pleadings only such writings as he relies on for his claim or defense: Merion Township School District *v.* Evans, 295 Pa. 280.

The Act of May 6, 1925, P. L. 546, directs school districts, in the erection of public buildings of any kind, to require the contractor to give a bond providing for the payment of all labor and materials entering into the improvement.

The bond in the present case was executed by defendants in compliance with the requirement of the law. The obligation was to become void and of no effect if payment was made by the principal for all labor and materials furnished to the principal in and about, or for and toward, any and all work comprised by and necessary for the completion of the contract, or "which may enter into the construction of the subject-matter of said contract." Otherwise the obligation of the bond continued.

In Merion Township School District v. Evans, 295 Pa. 280, the bond was conditioned that the contractor promptly pay, or cause to be paid to any and all persons, any and all sum or sums of money due for labor or materials done, performed or supplied upon, in or about the building or work. It was held that the bond inured to the benefit of those who furnished labor and materials which entered into the construction of the building, and that such persons had the right to sue in the name of the school district to their use.

The wording of the bond in the present case is different from that in the case of Merion Township School District v. Evans, supra, but the purpose of the bond in both cases was to protect those who furnished labor and materials that entered into the construction of the school building, whether furnished to the principal contractor or otherwise.

And now, to wit, June 13, 1929, the affidavit of defense raising questions of law is not sustained. The defendant is given fifteen days to file a defense to the averments of fact in the statement of claim.